FRANCISCO GONZÁLEZ FAGUNDO, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 934. Submitted November 5, 1934.—Decided November 23, 1934.

*F. González Fagundo* on his own behalf. The Registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On July 12, last, Mr. Francisco González Fagundo appeared before a public notary in his own behalf and as agent of his wife Oliva Carmona Marchetti and sold to Julio Vega

two rural properties located in the Municipality of Caguas, that belonged to the conjugal partnership.

When the deed was presented for record in the registry of property of the district, it was returned with this decision:

"The record of the preceding document is refused, and cautionary notice for 120 days taken in favor of purchaser Julio Vega, at folios 80 and 73 of volumes 175 and 91 of Caguas, properties 927 triplicate and 2803 duplicate, entries B and B; because we observe that power of attorney No. 73, executed in Humacao on November 2, 1918, before the notary public Carlos Travecier, by Mrs. Oliva Carmona Marchetti in favor of her husband Mr. Francisco González Fagundo, contains twenty-six clauses and in some of them it has been clearly specified that said agent shall act both concerning the property of the separate estate and that of the conjugal partnership, while in other clauses it only refers to the separate property of the principal without making it extensive to the property of the conjugal partnership, among them the eleventh clause which is the one related to the preceding document, hence, he is not empowered to sell the property of the conjugal partnership."

Feeling aggrieved González Fagundo appealed to this Court setting forth in writing the grounds for the appeal.

The grounds for the decision rendered by the registrar are self evident and are copied by the registrar in his brief. ██ The pertinent clause of the power of attorney is the eleventh one, which reads:

"ELEVENTH: To empower him to sell in part or in whole all the properties owned or that may be owned by the principal with the limitations that he may deem reasonable or in the manner he deems more convenient to his interests."

The appellant maintains that although it is true that the power of attorney in the eleventh clause does not speak of separate property and of the property of the conjugal partnership, said clause should not be separately construed but in relation to the first, second and third by virtue of which the wife empowers the husband to administer her property "either her separate estate or that of the conjugal partnership," that he may rent them for the time he deems it

convenient and to collect any amounts due from any contract entered into in regard to them.

The registrar seems to maintain that it is precisely because of the distinction that exists between the three first clauses of the power of attorney and the remaining ones, without including any sort of explanation at its end that the difficulty arises. And, in our opinion, he is correct.

Powers of attorney are strictly construed. *Fano v. Registrar,* 15 P.R.R. 313. The same that was done when he was charged with the administration should have been done when he was granted authority to sell. They are separate and distinct clauses that have life in themselves, and the provisions contained in one are not applicable to the others in the absence of a clause extending them. The interested party herself when speaking of the conjugal partnership's property in the power of attorney said "property belonging to the conjugal partnership," and that is what they are. They are not "owned" by the principal. They are owned by an entity of which she is a party, but that is different from her, the conjugal partnership she has entered into with her husband.

The appeal must be dismissed and the decision appealed from affirmed.